The opinion of the court was delivered by
Gibson, J.
Where the acts of the parties bring them within any rule of law by which the relation of partnership is produced, it is of no importance that a contract of partnership was not intended. The rule which declares that all who participate in the profits shall be held liable as partners, is founded in public policy, and it is particularly strange that it should have been relaxed in cases like the present. How a commission on profits can be distinguished from an interest in the profits, as such, I am at a loss to comprehend. The profits cannot be ascertained before the partnership account is settled, and then a party, under a claim to commission, is entitled to what? To a compensation equal in amount to so many hundredths of the sum of the profits. He is said not to have a specific interest in the profits as such. He has indeed no lien or specific demand on a particular fund as a corpus; but neither has a partner who is admitted to be so; profits being an incorporeal essence, and without specific existence before they are received and enjoyed. It is impossible to discover any difference but what is found in the terms, between a dividend and a commission: yet this difference, flimsy as it is, seems to be firmly established. In Ex parte Hamper, 17 Ves. 404, Lord Elpon admits a distinction, while he regrets it; .and-the cases cited on the part of the defendant, establish its existence in the English courts beyond the possibility of contradiction. Ought we then to follow the English courts, or, the point being of the first impression here, establish a rule for ourselves, on the foundation of what we may justly suppose to be reason and common sense ? In an ordinary case, we ought not to hesitate; but although the law of merchants be usually considered as a part of the common law, and this notion Receive countenance from the fact that certain commercial usages prevail in particular countries, yet Mr. Marshal is of opinion (Treatise *140 on Ins. 18,)' that not being founded in the institutions of any particular country, but in general convenience, as respects the dealings of merchants with each other in all countries, it may be consiclered as a branch of public law. In Luke v. Lyde, 2 Burr. 887, Lord Mansfield declares that the maritime law is of no particular country; but that it is the general law of nations; and this opinion is fortified by writers of great authority. 4 Com. Dig. 67. Emerigon, 21. If so, we are bound by the decisions of foreign courts on commercial questions, as firmly as we are by our own. It seems, then, that however we may be dissatisfied with the conclusion at which the English courts have arrived, yet the question proposed to the court below, is no longer open to debate; and we are satisfied that there is no error in the record.
Judgment affirmed.